UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL S. DAVIS, | ) | 1:10-cv—01730-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS RE: |
| | ) | RESPONDENT'S MOTION TO DISMISS |
| | ) | THE PETITION (DOCS. 13-14) |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| KEN CLARK, Warden, | ) | DISMISS THE PETITION WITHOUT |
| | ) | LEAVE TO AMEND, DECLINE TO ISSUE |
| Respondent. | ) | A CERTIFICATE OF APPEALABILITY, |
| | ) | AND DIRECT THE CLERK TO CLOSE THE |
| | ) | CASE (DOCS. 1, 13-14) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 14, 2010 (doc. 5). Pending before the Court is the Respondent's motion to dismiss the petition, which was filed on February 15, 2011, and served on Petitioner on the same date. (Docs. 13-14; doc. 13, p. 4.) No opposition was filed by Petitioner.

///

1

I. <u>Proceeding pursuant to a Motion to Dismiss</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. <u>See, e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).

Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.

In this case, upon being directed to respond to the petition by way of answer or motion, Respondent filed the motion to dismiss.  The material facts pertinent to the motion are contained in the pleadings and in copies of the official records of state parole and judicial proceedings which have been provided by the parties, and as to which there is no factual dispute. Because Respondent's motion to dismiss is similar in procedural standing to motions to dismiss on procedural grounds, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.   Background

Petitioner alleges that he was an inmate of the California Substance Abuse Treatment Facility and State Prison at Corcoran, California (CSATF) serving a sentence of twenty-five (25) years to life imposed by the San Bernardino County Superior Court upon Petitioner's conviction of first degree murder in 1994.  (Pet. 1.)  Petitioner challenges the decision of California's Board of Parole Hearings (BPH) finding Petitioner unsuitable for parole after a hearing held on September 4, 2008.  (Pet. 3.)  Petitioner alleges that his due process rights were violated because the BPH denied parole without any evidence to support the determination that Petitioner posed a current, unreasonable risk of danger. (Pet. 3.)  Petitioner argues that the BPH improperly relied on Petitioner's commitment offense, unstable social history, prior

3

juvenile criminality, and lack of insight into the commitment offense. (Pet. 11-19.)

Petitioner has attached a copy of the transcript of the parole hearing held before the BPH on September 4, 2008. (Pet. 22-151.) The transcript reflects that Petitioner received documents before the parole hearing and was given an opportunity to correct or clarify the record (pet. 28-29, 115); appeared at the hearing (pet. 22, 138); addressed the BPH under oath concerning multiple factors of parole suitability (pet. 29-120); made a personal statement to the BPH concerning his suitability for parole (pet. 134-36); and was represented by counsel, who advocated and made a closing statement in favor of parole on Petitioner's behalf (pet. 22, 27, 127-34).

Further, Petitioner was present when the BPH stated the reasons for their decision to deny Petitioner parole for three years, which included Petitioner's commitment offense that involved an attack on multiple victims, one of whom was pregnant; his history of criminality and drug use; his unstable social history; his limited insight into the crime and minimization of his criminal conduct; and the prosecutor's opposition to release. (Pet. 138-50.)

III. <u>Failure to State a Cognizable Claim</u>

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. <u>Swarthout v. Cooke</u>, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011).

4

However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12 (1979).[1] <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 862. In <u>Swarthout</u>, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

<u>Swarthout</u>, 131 S.Ct. 859, 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified

---

[1] In <u>Greenholtz</u>, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. <u>Id.</u> at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. <u>Id.</u> at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. <u>Id.</u> at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. <u>Id.</u> at 13. In <u>Greenholtz</u>, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. <u>Id.</u> at 15.

5

>     as to the reasons why parole was denied....
>     That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause.  Id. at 862-63.

Here, Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout.  Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement.  Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner cites state law concerning the appropriate application of the "some evidence" rule to the factors present in his case.  To the extent that Petitioner's claim or claims rest on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

A petition for habeas corpus should not be dismissed without

6

1  leave to amend unless it appears that no tenable claim for relief
2  can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440
3  F.2d 13, 14 (9th Cir. 1971).
4       Here, Petitioner did not claim that he lacked an opportunity
5  to be heard or a statement of reasons for the BPH's decision.
6  The allegations in the petition indicate that Petitioner attended
7  the parole suitability hearing, made statements to the BPH, and
8  received a statement of reasons for the decision of the BPH.
9  Thus, Petitioner's own allegations and attached documentation
10 establish that he had an opportunity to be heard and a statement
11 of reasons for the decisions in question.  It, therefore, does
12 not appear that Petitioner could state a tenable due process
13 claim.
14      Accordingly, it will be recommended that the Respondent's
15 motion to dismiss be granted, and the petition be dismissed
16 without leave to amend.
17      IV.  <u>Certificate of Appealability</u>
18      Unless a circuit justice or judge issues a certificate of
19 appealability, an appeal may not be taken to the Court of Appeals
20 from the final order in a habeas proceeding in which the
21 detention complained of arises out of process issued by a state
22 court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537
23 U.S. 322, 336 (2003).  A certificate of appealability may issue
24 only if the applicant makes a substantial showing of the denial
25 of a constitutional right.  § 2253(c)(2).  Under this standard, a
26 petitioner must show that reasonable jurists could debate whether
27 the petition should have been resolved in a different manner or
28 that the issues presented were adequate to deserve encouragement

to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338. A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V. Recommendations

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be granted;

and

2) The petition be DISMISSED without leave to amend for failure to state a claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to close the action because an order of dismissal would terminate the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 31, 2011**                       /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE

9